```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,        :
        - v. -                   :
WARREN LOCKETT,                  :
                   Defendant.    :
- - - - - - - - - - - - - - - - x
```

**02CRIM. 916**

INDICTMENT

02 Cr. ___ ( )

FILED APR 19 2006 — U.S. DISTRICT COURT DISTRICT OF DELAWARE

REDACTED

COUNT ONE

The Grand Jury charges:

1. From on or about August 18, 2000 through on or about August 25, 2000, in the Southern District of New York and elsewhere, WARREN LOCKETT, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Section 641 of Title 18, United States Code.

2. It was a part and an object of the conspiracy that WARREN LOCKETT, the defendant, and his co-conspirators, unlawfully, wilfully, and knowingly would and did embezzle, steal, purloin and knowingly convert to their use and the use of others records, vouchers, money and things of value of the United States and of a department and agency thereof, and property made and being made under contract for the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a. In or about August 2000, WARREN LOCKETT, the defendant, obtained a photo identification card in the name of a co-conspirator not named as a defendant herein ("CC-1").

b. On or about August 21, 2000, WARREN LOCKETT, the defendant, purchased $330 worth of postage stamps at the Cooper Station Post Office branch in New York, New York with a check drawn on one of CC-1's bank accounts, which contained insufficient funds.

c. On or about August 21, 2000, WARREN LOCKETT, the defendant, purchased $495 worth of postage stamps at the Ansonia Post Office branch in New York, New York with a check drawn on another of CC-1's bank accounts, which contained insufficient funds.

(Title 18, United States Code, Section 371.)

COUNT TWO

The Grand Jury further charges:

4. From on or about August 18, 2000 through on or about August 25, 2000, in the Southern District of New York and elsewhere, WARREN LOCKETT, the defendant, unlawfully, wilfully, and knowingly did embezzle, steal, purloin and knowingly convert to his use or the use of another records, vouchers, money, and things of value of the United States and of a department and agency thereof, and property made and being made under contract for the United States and a department and agency thereof, to wit, WARREN LOCKETT purchased approximately $18,976 worth of postage stamps at several post offices in New York City with approximately 41 checks drawn on accounts containing insufficient funds.

(Title 18, United States Code, Section 641 and 2.)

_____          _____
FOREPERSON                        JAMES B. COMEY
                                  United States Attorney

AO (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of New York  P 36382/ M. Fisher

UNITED STATES OF AMERICA
V.

WARREN LOCKETT

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:02cr916-001

Nicole Armenta, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s) One & Two

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Steal Government Property | 8/25/00 | 1 |
| 18 USC 641 and 2 | Theft of Government Property | 8/25/00 | 2 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.: _____
Defendant's Date of Birth: /66
Defendant's USM No.: 53690-054
Defendant's Residence Address:

New Ark, Delaware 19709

Defendant's Mailing Address:
Same

11/12/02
Date of Imposition of Judgment

Signature of Judicial Officer

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judicial Officer

11/15/02
Date

FILED
APR 19 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 245B   (8/96) Sheet 2—Imprisonment

Judgment — Page 2 of 6

DEFENDANT: WARREN LOCKETT
CASE NUMBER: 1:02cr916-001 (LAK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of **10 Months on each count to run concurrently**

The court makes the following recommendations to the Bureau of Prisons:

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ [ ] a.m. [ ] p.m. on _____

   as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2 p.m. on _____

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Judgment—Page 3 of 6

DEFENDANT: WARREN LOCKETT
CASE NUMBER: 1:02cr916-001 (LAK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3 Years   .
**See page four (4) for special conditions.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: WARREN LOCKETT
CASE NUMBER: 1:02cr916-001 (LAK)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with any requested financial information as long as the obligation to pay any restitution is not fully satisfied.

The defendant shall participate in a mental health program approved by the U.S. Probation Office and shall take proscribed medications as directed by the health care provider. The defendant shall contribute to the costs of services rendered in an amount to be determined by the probation officer, based on his ability to pay and the availability of third-party payment.

The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

Judgment — Page 5 of 6

DEFENDANT: WARREN LOCKETT
CASE NUMBER: 1:02cr916-001 (LAK)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 200 | $ | $ 18,976.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  $_____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Postal Service | 18,976.00 | 18,976.00 | |
| **Totals:** | $ 18,976.00 | $ 18,976.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page __6__ of __6__

DEFENDANT:     WARREN LOCKETT
CASE NUMBER:   1:02cr916-001 (LAK)

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☐   In full immediately; or

B   X   $ __200_____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (*e.g., equal, weekly, monthly, quarterly*) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Restitution shall be paid in monthly installments commencing on the first day of the second month following his release from the term of imprisonment imposed hereby. Each monthly installment shall be equal to 10 percent to his income from all sources for the preceding month.**

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.