The PROB 12
(Rev. 2/94)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Criminal Action No.  CR06-42-SLR** |
| | ) | |
| **Warren Lockett,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### Petition on Probation and Supervised Release

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Warren Lockett who was placed on supervision by the Honorable Lewis A. Kaplan. sitting in the court at the Southern District of New York on the 14th day of November 2005, who fixed the period of supervision at 23 months, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall provide the probation officer with any financial information he or she may request.
The defendant shall participate in a mental health treatment program as approved by the probation officer. The defendant shall abide by all rules, requirements, and conditions of such program(s), and shall take any prescribed medications. The defendant shall waive his right to confidentiality in any records relating to mental health assessment and treatment imposed as a consequence of this judgement to allow the probation officer to review his course of treatment and progress with the treatment provider. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on his ability to pay or the availability of 3rd party payment.
The defendant shall participate in a drug counseling and random testing program as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

Above probation officer has reason to believe that Warren Lockett  has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**STANDARD CONDITION No.3:** "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

**EVIDENCE:** On February 12, 2007, the defendant appeared in the United States Probation Office for an Administrative Hearing that was presided by Deputy Chief U.S. Probation Officer John Selvaggi. During that hearing the defendant was confronted with his continued failure to comply with conditions of supervised release relating to employment, substance abuse, substance abuse counseling, and participation in the Workforce Development Program. Upon conclusion of the Administrative Hearing, the defendant was instructed to comply fully with all requirements of the SODAT Substance Abuse Program and the Workforce Development Program. The defendant was also directed to cease use of marijuana and any other illegal drugs. Subsequent to that hearing the defendant failed to appear for the three remaining Workforce Development sessions (February 13, 20 and 27, 2007), failed to appear for three SODAT group sessions (February 20, February 27 and March 6, 2007), failed to appear for two random urine tests (February 22 and March 6, 2007), and has not been available to schedule or to appear for any individual counseling sessions at SODAT during the months of February and March 2007.

**STANDARD CONDITION No. 5:** "The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."

**EVIDENCE:** The defendant has been unemployed since December 2006. The defendant's most recent reported employment occurred in December 2006 when the defendant informed that he was employed with Dust Away. The defendant has failed to provide any verification of his hours or salary with this business. The defendant reported employment in October 2006 when the defendant informed that he was employed with Dee Paper located in Chester, Pennsylvania. The defendant failed to provide any verification of his hours or salary with this business. The defendant reported no employment from April to September 2006. The defendant did report employment with Diamond State Cleaning Services in February and March 2006. The defendant did provide four pay stubs to confirm his hours and salary with this employer.

The defendant attended and completed the six-week Brownfield Vocational Del Tech Vocational Program at Del Tech from July until September 2006. This program focused on asbestos removal, hazardous materials, forklift operation, OSHA safety and lead abatement. The defendant was referred to the U.S. Probation Workforce Development Program on January 24, 2007. The defendant subsequently failed to appear for all four scheduled sessions.

**STANDARD CONDITION No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

**EVIDENCE:** The defendant submitted the following positive random urine tests to the SODAT Program since January 2006:

> January 24, 2006 - positive for cocaine and marijuana
> January 31, 2006 - positive for marijuana
> April 4, 2006 - positive for cocaine and marijuana
> June 1, 2006 - positive for marijuana
> October 16, 2006 - positive for cocaine and marijuana
> January 18, 2007 - positive for marijuana.

**SPECIAL CONDITION:** The defendant shall participate in a drug counseling and random testing program as directed by the probation officer."

**EVIDENCE:** The defendant was referred to the SODAT Substance Abuse Program on November 13, 2006. An assessment was completed by that program on November 27, 2006. That assessment recommended random urine testing, individual counseling and group counseling.

**EVIDENCE:** The defendant has failed to appear for random urine testing as required by the SODAT Program on the following dates:

> March 6, 2007
> February 22, 2007
> February 7, 2007
> January 31, 2007
> January 11, 2007

**EVIDENCE:** The defendant has failed to appear for scheduled individual and group counseling sessions at the SODAT Program on the following dates:

> March 6, 2007 (group)
> February 27, 2007 (group)
> February 23, 2007 (group)
> February 20, 2007 (group)
> February 2, 2007 (group)

SODAT staff reports that no individual counseling sessions have been scheduled during the months of February and March due to the defendant's reported inability to appear due to unavailable transportation and inability to arrange child care for his daughter.

PRAYING THAT THE COURT WILL ORDER ... that a summons be issued for Warren Lockett and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

ORDER OF COURT

Considered and ordered this _____ day of_
_____ , 2007.

_____
U.S. District Judge

Respectfully,

_____
U.S. Probation Officer

Place Wilmington, Delaware

Date March 14, 2007